Gavin Kogan (CSBN 201564)
Email: gkogan@mac.com
Walter B. Howe  (CSBN 244680)
Email: wbhowe@mac.com
KOGAN & ASSOCIATES, LLP
147 S. River Street, Ste 234-A
Santa Cruz, CA 95060
Tel. 831-429-1122
Fax. 831-480-5826

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JASON O. WATSON, AN INDIVIDUAL<br><br>PLAINTIFF<br><br>V.<br><br>ROLLIN R. HEASSLER, AN INDIVIDUAL; AND DOES 1-10, INCLUSIVE,<br><br>DEFENDANT(S). | **COMPLAINT FOR COPYRIGHT INFRINGEMENT WITH DEMAND FOR JURY TRIAL.** |

## **COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff Jason O. Watson, who states his claim against Defendant Rollin R. Heassler as follows:

### JURISDICTION AND VENUE

1.

This action arises under the Federal Copyright Act of 1976, as amended, 17 U.S.C. § 101, *et seq.* Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1338(a).

2.

This Court has personal jurisdiction over Defendant Heassler by virtue of his being a resident of the state of California, his transacting, doing, and soliciting business in this District, and because a substantial part of the relevant events occurred in this district.

3.

Venue is Proper under 28 U.S.C. §§ 1391(b)(2) and (c) and 1400(a).

### THE PARTIES TO THIS COMPLAINT

4.

Plaintiff Jason O. Watson [hereinafter "Plaintiff Watson"] is an individual residing in the state of Virginia at 971 Kelsey Drive,

Charlottesville, VA 22903.

5.

Defendant Rollin R. Heassler, is an individual residing in the state of California at 612 Akron Street, Mountain View, California 94043.

6.

On information and belief, Defendant Heassler is the sole proprietor and operator of www.collegehoopsupdate.com, organized and existing under the laws of the State of California, with its principal place of business in Mountain View, California.

7.

Plaintiff does not know the true names of defendants John Does 1 through 10, inclusive, and therefore sues them by those fictitious names. Plaintiff is informed and believes and, on the basis of that information and belief, alleges that each of those defendants was in some manner negligent, grossly negligent, guilty of willful and wanton conduct, and proximately caused Plaintiff's damages.

OPERATIVE FACTS

8.

Plaintiff Watson is owner of Jason O. Watson Photography and a

professional photographer.  As part of his profession, Plaintiff Watson specializes in sports, action and travel photography.

9.

On June 20 though June 23, 2007, Plaintiff Watson photographed various high school basketball players during basketball games taking place in Charlottesville, Virginia, United States ("Basketball Photos"). Watson is and has always has been the sole proprietor of all rights, title, and interest in and to the copyrights in the Basketball Photos.

10.

Plaintiff Watson published several of the Basketball Photos on his website, www.jasonowatson.com.   A copyright notice with the year of publication, the copyright symbol, the name of Jason O. Watson, and the website address of www.jasonowatson.com was posted on each photograph.  The ability to "right-click" to copy these images was disabled.

11.

Per prior agreement, ESPN.com published several of Plaintiff Watson's Basketball Photos from these basketball games on its website throughout 2007, beginning in June 2007.  These published photographs included a photo credit of "Jason O. Watson" or "Jason O. Watson for

ESPN.com."

12.

On December 25, 2007, Plaintiff Watson discovered that Defendant Heassler's website, www.collegehoopsupdate.com, displayed five (5) of Plaintiff Watson's Basketball Photos from which Plaintiff Watson's copyright management information had been removed. Defendant Heassler did not obtain authorization from Plaintiff Watson to publish these photographs.

13.

Plaintiff Watson has complied in all respects with the Copyright Act of 1976, 17 U.S.C. §101 *et seq.*, as amended, and all other laws and regulations governing copyrights, and has secured the exclusive rights and privileges in and to the copyrights for the photographs posted on the collegehoopsupdate.com website. The Register of Copyrights for the U.S. Copyright Office issued Plaintiff Watson valid Certificates of Copyright Registration for the photos at issue, (VA 1-422-356) effective June 28, 2007.

//

//

## FIRST CAUSE OF ACTION

(Copyright Infringement)

14.

Plaintiff Watson re-alleges and incorporates by reference Paragraphs 1 through 13 above.

15.

Defendant Heassler reproduced and displayed on its website without authorization five of Plaintiff Watson's Basketball Photos (the "Infringement").

16.

Defendant Heassler has not compensated Plaintiff Watson for his copying and publishing of the five Basketball Photos.

17.

Defendant Heassler's conduct violates the exclusive rights belonging to Plaintiff Watson as owner of the copyrights for the Basketball Photos, including without limitation, Plaintiff Watson's exclusive rights under 17 U.S.C. § 106.

18.

As a direct and proximate result of its wrongful conduct, Defendant

Heassler has realized and continues to realize profits and other benefits rightfully belonging to Plaintiff Watson for the Basketball Photos. Accordingly, Plaintiff Watson seeks an award of actual damages plus attorneys' fees and costs pursuant to 17 U.S.C. §§ 504 and 505.

19.

In the alternative, Plaintiff Watson is entitled to and seeks statutory damages for the Infringement of the Basketball Photos, including attorneys' fees and costs, pursuant to 17 U.S.C. §§ 504 and 505.

20.

The Infringement by Defendant Heassler was willful and performed with knowledge that the use of the Basketball Photos was unauthorized; Plaintiff Watson is therefore entitled to the recovery of enhanced statutory damages pursuant to 17 U.S.C. 504.

**SECOND CAUSE OF ACTION**

(Removal of Copyright Management Information)

21.

Plaintiff Watson re-alleges and incorporates by reference Paragraphs 1 through 20 above.

22.

Defendant Heassler intentionally removed Plaintiff Watson's copyright management information from his Basketball Photos to use for the Infringement, in violation of 17 U.S.C. § 1202.

23.

Defendant Heassler placed a copyright notice, "Copyright 2007 COLLEGE HOOPS UPDATE," adjacent to each Infringement, and distributed the Infringement knowing that Watson's copyright management information had been removed or altered without the authority of Watson, the copyright owner. Defendant Heassler distributed copyright management information that was false, knowing, or having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right, in violation of 17 U.S.C. § 1202.

24.

Watson is entitled to and seeks statutory damages for Infringement of the Basketball Photos, including attorneys' fees and costs, pursuant to 17 U.S.C. § 1203.

**WHEREFORE** Plaintiff prays for judgment as follows:

1. Declare that Defendant College Hoops Update's unauthorized conduct violates Plaintiff Watson's rights under common law

and the Federal Copyright Act;

2. Order Defendant Heassler to account to Plaintiff Watson for all gains, profits, and advantages derived by Defendant Heassler through its infringement of Plaintiff Watson's copyrights; or such damages as are proper;

3. Award Plaintiff Watson profits and damages in such amount as may be found pursuant to 17 U.S.C. § 504 (b) for the Basketball Photos; alternatively, maximum statutory damages in the amount of $30,000 for each infringement pursuant to 17 U.S.C. § 504 (c)(1); or such other amount as may be proper pursuant to 17 U.S.C. § 504;

4. Award Plaintiff Watson maximum statutory damages in the amount of $150,000 for each infringement pursuant to 17 U.S.C. § 504 (c)(2) for the Basketball Photos; or such other amount as may be proper pursuant to 17 U.S.C. § 504;

6. Award Plaintiff Watson maximum statutory damages in the amount of $25,000, pursuant to 17 U.S.C. § 1203(c)(3)(B); or such other amount as may be proper pursuant to 17 U.S.C. § 1203;

7. Award Plaintiff Watson his costs, reasonable attorneys' fees, and disbursements in this action, pursuant to 17 U.S.C. § 505 and 17 U.S.C. § 1203; and

8. For such other and further relief as the Court may deem just and proper.

Plaintiff demands a jury trial on all of the foregoing counts.

Respectfully submitted.

Dated: April 2, 2008                    KOGAN & ASSOCIATES, LLP


                                        By: _____
                                        Gavin Kogan, attorneys for
                                        Plaintiff, Jason Watson