David P. Morales, Esq., SBN 191229
THE MORALES LAW FIRM
1414 Soquel Avenue, Suite 212
Santa Cruz, CA 95062
Telephone: (831) 429-7900
Facsimile: (831) 688-8883
E-Mail: dmorales@moraleslawfirm.com

Attorney for Defendant and Counterclaimant
Captain Rollin R. Heassler.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JASON O. WATSON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CAPT. ROLLIN R. HEASSLER, an individual,<br><br>Defendant. | Civil Action No.: CV 08-01851 JCS<br><br>**ANSWER TO COMPLAINT AND COUNTERCLAIM FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED** |
| CAPT. ROLLIN R. HEASSLER, an individual,<br><br>Counterclaimant,<br><br>vs.<br><br>JASON O. WATSON, an individual;<br>CAROLYN E. WRIGHT, an individual;<br>BUCKLEY BROWN, P.C., a Georgia Professional Corporation; and DOES 1 through 25, inclusive,<br><br>Counterdefendants. | |

/ / /

**ANSWER TO COMPLAINT AND COUNTERCLAIM FOR DAMAGES**

COMES NOW Defendant CAPTAIN ROLLIN R. HEASSLER ("Capt. Heassler" or "Defendant"), in his individual capacity, and herewith answers the Complaint of JASON O. WATSON ("Watson" or "Plaintiff") as follows:

1. Answering Paragraph 1 of Plaintiff's Complaint, Defendant admits that this Court has subject matter jurisdiction.

2. Answering Paragraph 2 of Plaintiff's Complaint, Defendant admits that he is a resident of California and that this Court has personal jurisdiction over him. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis Defendant denies each and every other allegation contained therein.

3. Answering Paragraph 3 of Plaintiff's Complaint, Defendant admits that venue is proper within this judicial district.

4. Answering Paragraph 4 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

5. Answering Paragraph 5 of Plaintiff's Complaint, Defendant admits the allegations contained in said paragraph.

6. Answering Paragraph 6 of Plaintiff's Complaint, Defendant denies each and every other allegation contained in said paragraph.

7. Answering Paragraph 7 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

8. Answering Paragraph 8 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

9. Answering Paragraph 9 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

10. Answering Paragraph 10 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

11. Answering Paragraph 11 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

12. Answering Paragraph 12 of Plaintiff's Complaint, Defendant admits only that he has not obtained any express authorization from Plaintiff to publish any photographs. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every other allegation contained therein.

13. Answering Paragraph 13 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

14. Answering Paragraph 14 of Plaintiff's Complaint, Defendant re-alleges each of his prior responses to the paragraphs re-alleged therein.

15. Answering Paragraph 15 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

///

16. Answering Paragraph 16 of Plaintiff's Complaint, Defendant admits only that he paid no financial compensation to Plaintiff. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every other allegation contained therein.

17. Answering Paragraph 17 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

18. Answering Paragraph 18 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

19. Answering Paragraph 19 of Plaintiff's Complaint, Defendant denies that Plaintiff is entitled the damages he seeks.

20. Answering Paragraph 20 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

21. Answering Paragraph 21 of Plaintiff's Complaint, Defendant re-alleges each of his prior responses to the paragraphs re-alleged therein.

22. Deny. Answering Paragraph 22 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

23. Answering Paragraph 23 of Plaintiff's Complaint, Defendant admits only that he placed copyright notices at the foot of webpages on the subject Internet website and that such notices do not refer specifically to any photographs alleged. Defendant denies each and every other allegation contained therein.

24. Answering Paragraph 24 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

///

## AFFIRMATIVE DEFENSES

1. As and for a first, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, Defendant alleges that Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against Defendant.

2. As and for a second, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, Defendant alleges that Plaintiff's claims are barred under the Fair Use Doctrine.

3. As and for a third, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, Defendant alleges that Plaintiff's claims are barred by the Doctrine of Estoppel.

4. As and for a fourth, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, Defendant alleges that Plaintiff's claims are barred due to the lack of copyrightable subject matter.

5. As and for a fifth, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, Defendant alleges that Plaintiff's claims are barred by the Doctrine of Independent Creation.

6. As and for a sixth, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, Defendant alleges that Plaintiff's claims are barred due to an express or implied license.

7. As and for a seventh, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, Defendant alleges that Plaintiff's claims are barred by the Doctrine of Laches.

8. As and for an eighth, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, Defendant alleges that Plaintiff's claims are barred by a defect in the copyright registration(s).

9. As and for a ninth, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, Defendant alleges that Plaintiff's claims

are barred due to the lack of copyright registration(s).

10. As and for a tenth, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, Defendant alleges that Plaintiff's claims are barred by the applicable Statute of Limitations.

11. As and for a eleventh, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, Defendant alleges that Plaintiff's claims are barred by the Doctrine of Waiver.

12. As and for a twelfth, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, Defendant alleges that Plaintiff's claims are barred due to improper, or the omission of, copyright notice.

13. As and for a thirteenth, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, Defendant alleges that Plaintiff's claims are barred by the Doctrine of Unclean Hands.

14. As and for a fourteenth, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, Defendant alleges that Plaintiff failed to mitigate his damages. The damages claimed by Plaintiff could have been mitigated by due diligence on Plaintiff's part or by one acting under similar circumstances. The failure to mitigate is a bar to recovery under the Complaint.

15. As and for a fifteenth, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, Defendant alleges on information and belief that the sole and proximate cause of the acts complained of by Plaintiff were due to the acts and/or omissions of persons and entities other than Defendant.

16. As and for a sixteenth, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, Defendant alleges that his conduct was not the cause in fact, or the proximate cause, of any of the losses alleged by Plaintiff.

17. As and for a seventeenth, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, Defendant alleges that Plaintiff's claims are barred in whole or in part by the Doctrine of Innocent Infringement.

18. As and for an eighteenth, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, Defendant alleges that Plaintiff's claims are barred by Plaintiff's own negligence, carelessness, recklessness, or other fault in an about the matters alleged in the Complaint.

19. As and for a nineteenth, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, Defendant alleges that Plaintiff's claims are barred by the Doctrine of Consent.

20. As and for a twentieth, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, Defendant alleges that Plaintiff's claims are barred by Plaintiff's abandonment of their alleged rights in issue.

21. As and for a twenty-first, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, Defendant alleges that Plaintiff's claims are barred due to the Doctrine of Copyright Misuse.

22. As and for a twenty-second, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, Defendant alleges that Plaintiff's claims are barred by the First Sale Doctrine.

23. As and for a twenty-third, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, Defendant alleges that Plaintiff's claims are barred by the Doctrine of Acquiescence.

24. As and for a twenty-fourth, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, Defendant alleges that Plaintiff's claims are barred by the Doctrine that One Who Seeks Equity Must Do Equity.

///

Case No.: CV 08-01851 JCS                - 7 -

25. As and for a twenty-fifth, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, Defendant alleges that Plaintiff's claims are barred by the Doctrine of Unjust Enrichment.

26. As and for a twenty-sixth, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, Defendant alleges that Plaintiff's claims are barred due to the uncertainty of the pleadings in the Complaint.

27. As and for a twenty-seventh, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, Defendant alleges that Plaintiff's claims are barred by the First Amendment to the U.S. Constitution.

WHEREFORE, this answering Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by his Complaint;
2. For reasonable attorney's fees and costs of suit incurred herein; and
3. For such other and further relief as the Court deems just and proper.

Dated: June 23, 2008                         THE MORALES LAW FIRM

By: _____
DAVID MORALES
Attorney for Defendant Capt. Heassler

**ANSWER TO COMPLAINT AND COUNTERCLAIM FOR DAMAGES**
Case No.: CV 08-01851 JCS            - 8 -

**COUNTERCLAIM FOR DAMAGES**

1. This is a countersuit for damages for the actions of JASON O. WATSON ("Watson" or "Plaintiff"), CAROLYN E. WRIGHT ("Wright" or "Plaintiff's Attorney"), BUCKLEY BROWN, P.C., ("Buckley Brown" or "Plaintiff's Law Firm") and DOES 1 through 25, inclusive (collectively, "Counterdefendants") for the actions of each of them, in damaging CAPTAIN ROLLIN R. HEASSLER ("Capt. Heassler," "Defendant," or "Counterclaimant").

JURISDICTION & VENUE

2. This Court has jurisdiction of this matter under 28 U.S.C. §§1332, 1338 and 1367 (West 2008). The issues in the underlying dispute generally involve matters of federal copyright law, and this Counterclaim is based on state-law claims arising from Counterdefendants' conduct in this dispute, including intentional infliction of emotional distress, unfair business practices, unjust enrichment, and conspiracy. In addition, this case involves diversity of citizenship and the requisite jurisdictional amount.

3. Venue is proper in this judicial district under 28 U.S.C. §1391 (West 2008). A substantial part of the events alleged occurred in this judicial district, and the Counterdefendants are subject to personal jurisdiction in this judicial district.

PARTIES

4. CAPTAIN ROLLIN R. HEASSLER ("Capt. Heassler," "Defendant," or "Counterclaimant") is an individual and a citizen of the United States, residing in Santa Clara County, California. Captain Heassler, is an active-duty Captain in the United States Army who previously served combat duty in Iraq and is presently the Recruiting Company Commander for the San Francisco Bay Area.

5. On information and belief, Plaintiff and Counterdefendant Watson is an individual residing in the State of Virginia, and a party to this action.

6. On information and belief, Counterdefendant Wright is an individual residing in the State of Georgia, and an attorney admitted *pro hac vice* to this Court for the purpose of representing Counterdefendant Watson in this action.

/ / /

**ANSWER TO COMPLAINT AND COUNTERCLAIM FOR DAMAGES**
Case No.: CV 08-01851 JCS        - 9 -

7. On information and belief, Counterdefendant Buckley Brown is a Georgia Professional Corporation created on September 6, 2007 and having its principal place of business at 2970 Clairmont Road, Suite 1010, Atlanta, GA 30329. On information and belief, Counterdefendant Buckley Brown is admitted *pro hac vice* to this Court for the purpose of representing Counterdefendant Watson in this action.

8. Counterclaimant does not know the true names of Counterdefendants Does 1 through 25, inclusive, and therefore sues them by those fictitious names. On information and belief, each Counterdefendant sued herein was acting as the agent or employee of each of the other Counterdefendants, and in doing the acts alleged herein, was acting within the course and scope of such agency and/or employment, and/or authorized, ratified, aided, abetted, cooperated with, and/or conspired with one another to do the acts alleged herein.

## FACTUAL ALLEGATIONS

9. In January 2008, Plaintiff's Attorney Wright of Buckley Brown P.C. contacted Capt. Heassler regarding his alleged infringement of Plaintiff's copyright. Plaintiff's Attorney demanded immediate payment of $10,000 from Capt. Heassler and indicated that if Capt. Heassler failed to pay the demanded sum he would be subject to a court martial for alleged violation of General Article 134 of the Uniform Code of Military Justice ("UCMJ").

10. Capt. Heassler attempted to resolve this matter informally, but was continually subjected to harassment, oppression and unreasonable demands for payment. Plaintiff's counsel unilaterally shortened Capt. Heassler's time to resolve this dispute from February 22, 2008 to February 8, 2008 and subsequently filed the present litigation against Capt. Heassler.

11. Counterdefendants, and each of them, in order to obtain payment of money in a civil dispute have illegally threatened to subject Capt. Heassler to a Court Martial, and to thus expose or impute disgrace or crime to Capt. Heassler -- an individual who recently and honorably served this Nation in combat duty in Iraq. The California Supreme Court has held that conduct such as this amounts to extortion as a matter of law. *See Flatley v. Mauro*, 39 Cal.4th 299, 328-29 (2006).

///

**ANSWER TO COMPLAINT AND COUNTERCLAIM FOR DAMAGES**
Case No.: CV 08-01851 JCS                 - 10 -

## FIRST CAUSE OF ACTION

*(Intentional Infliction of Emotional Distress)*

12. Counterclaimant hereby repeats and re-alleges each and every allegation contained in paragraphs 1 through the immediately preceding paragraph of this Counterclaim.

13. Counterdefendants' conduct alleged in this Counterclaim was outrageous. Counterdefendants intended to cause, or had a reckless disregard of the probability of causing, emotional distress to Counterclaimant. Counterclaimant did suffer severe emotional distress which was actually and proximately caused by Counterdefendants conduct. Counterdefendants damaged Counterclaimant in an amount to be demonstrated at trial.

## SECOND CAUSE OF ACTION

*(Unfair Business Practices – Cal. Bus. & Prof. Code Section §17200, et seq.)*

14. Counterclaimant hereby repeats and re-alleges each and every allegation contained in paragraphs 1 through the immediately preceding paragraph of this Counterclaim.

15. The aforesaid acts of Counterdefendants, and each of them, constitute unfair competition, all in violation of Cal. Bus. & Prof. Code Section §17200, *et seq.*, (West 2008).

16. As a direct and proximate result of Counterdefendants' unlawful actions, Counterclaimant has suffered and will continue to suffer irreparable injury. Counterclaimant is entitled to preliminary and permanent injunctive relief, and recovery of monetary damages according to proof.

## THIRD CAUSE OF ACTION

*(Unjust Enrichment)*

17. Counterclaimant hereby repeats and re-alleges each and every allegation contained in paragraphs 1 through the immediately preceding paragraph of this Counterclaim.

18. By the aforesaid wrongful acts, Counterdefendants, and each of them, have and are attempting to unjustly enrich themselves.

19. As a direct and proximate result of Counterdefendants' unlawful actions, Counterclaimant has suffered and will continue to suffer irreparable injury. Counterclaimant is entitled to an award of monetary relief, costs, and reasonable attorney's fees.

## FOURTH CAUSE OF ACTION

*(Conspiracy)*

20. Counterclaimant hereby repeats and re-alleges each and every allegation contained in paragraphs 1 through the immediately preceding paragraph of this Counterclaim.

21. By the aforesaid wrongful acts, Counterdefendants, and each of them, conspired with one another to commit the wrongful acts alleged above.

22. As a direct and proximate result of Counterdefendants' unlawful actions, Counterdefendants, and each of them, are jointly and severally liable for payment of the damages prayed for herein.

## FIFTH CAUSE OF ACTION

*(Punitive or Exemplary Damages)*

23. Counterclaimant hereby repeats and re-alleges each and every allegation contained in paragraphs 1 through the immediately preceding paragraph of this Counterclaim.

24. The aforesaid wrongful acts of Counterdefendants, were willful, wanton and malicious, and were undertaken with the intent to injure Counterclaimant, and, further, with a knowing and intentional disregard for Counterclaimant's rights.

25. By reason of the foregoing acts, and by way of example, Counterclaimant is entitled to punitive or exemplary damages in an amount according to proof.

## RELIEF

WHEREFORE, Counterclaimant prays:

1. That Counterdefendants, and each of them, their agents and servants be enjoined during the pendency of this action and permanently from threatening to expose or impute disgrace or crime to Counterclaimant;

2. That Counterdefendants, and each of them, their agents and servants be compelled to pay jointly and severally all actual, consequential, incidental, statutory, punitive, exemplary, pre-judgment interest and other damages caused by or awardable due to the wrongful acts above;

3. That Counterdefendants, and each of them, be required to pay Counterclaimant's reasonable attorney's fees and costs of this action; and

1  4. That Counterclaimant receives such other and further relief as this Court deems just and proper.

Dated: June 23, 2008                                    THE MORALES LAW FIRM

                                                        By: *[signature]*
                                                        DAVID MORALES
                                                        Attorney for Defendant and
                                                        Counterclaimant Capt. Heassler


## JURY TRIAL DEMAND

Counterclaimant hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Court.

Dated: June 23, 2008                                    THE MORALES LAW FIRM

                                                        By: *[signature]*
                                                        DAVID MORALES
                                                        Attorney for Defendant and
                                                        Counterclaimant Capt. Heassler

**ANSWER TO COMPLAINT AND COUNTERCLAIM FOR DAMAGES**
Case No.: CV 08-01851 JCS                    - 13 -