Gavin Kogan (CA Bar No. 201564)
Email: gkogan@mac.com
Kogan & Associates, LLC
147 S. River Street, Ste 234-A
Santa Cruz, CA 95060
(408) 361-8214 (telephone)
(408) 907-4143 (facsimile)

Carolyn E. Wright (Pro Hac Vice)
Email: cwright@buckleybrown.com
Buckley Brown, P.C.
2970 Clairmont Road NE, Suite 1010
Atlanta, GA 30329
(404) 633-9230 (telephone)
(404) 633-9640 (facsimile)

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| JASON O. WATSON | ) | **PLAINTIFF'S** |
| Plaintiff, | ) | **NOTICE OF MOTION, MOTION** |
| | ) | **AND MEMORANDUM OF POINTS** |
| | ) | **AND AUTHORITIES IN SUPPORT OF** |
| vs. | ) | **MOTION TO DISMISS** |
| | ) | **DEFENDANT'S COUNTERCLAIM** |
| ROLLIN R. HEASSLER | ) | **FOR DAMAGES** |
| Defendant. | ) | |
| | ) | CASE NO. CV 08-01851 JCS |
| | ) | Hearing Date: Friday, August 29, 2008 |
| | ) | Time: 9:30 am |
| | ) | Courtroom: A, 15th Floor |
| | ) | Hon. Magistrate Judge Joseph C. Spero |

### NOTICE & MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that on Friday, August 29, 2008 at 9:30 a.m. in Courtroom A, 15th Floor, Plaintiff Jason O. Watson, will and does hereby move the Court to dismiss Defendant Rollin R. Heassler's ["Heassler"] Counterclaim for Damages ["Counterclaim"] on the basis that this Court lacks subject matter jurisdiction over Heassler's Counterclaim and for failure

to certify service of the Counterclaim.

This motion is based on this Notice of Motion, Motion, and Memorandum of Points and Authorities, and upon such other evidence and law as may be presented to the Court at the time of the hearing.  Plaintiff Jason O. Watson respectfully requests that this Court dismiss Heassler's Counterclaim with prejudice.

## MEMORANDUM OF POINTS & AUTHORITIES

**A. This Court Lacks Subject Matter Jurisdiction Over Heassler's Counterclaim.**

Plaintiff Jason O. Watson ["Watson"] filed this suit for copyright infringement of five  photographs, pursuant to the Federal Copyright Act of 1976, as amended, 17 U.S.C. § 101, *et seq.*  Jurisdiction for Plaintiff's copyright infringement claims is founded on 28 U.S.C. §§ 1331 and 1338(a).  Accordingly, Watson's Complaint is before this Court based on federal question jurisdiction.  28 USC § 1331.

    1.    <u>Heassler's Counterclaim Improperly Asserts Supplemental Jurisdiction</u>

Defendant Rollin R. Heassler ["Heassler"] filed his Counterclaim for Damages against Plaintiff Watson, which Heassler admits are based on state law.  <u>See</u> Heassler's Counterclaim for Damages, pg 9, line 10.  Specifically, Heassler alleges that Carolyn E. Wright, who is not a party to this action, "contacted Capt. Heassler about his alleged infringement of Plaintiff's copyright . . . and demanded immediate payment of $10,000 from Capt. Heassler and indicated that if Capt. Heassler attempted failed to pay the demanded sum he would be subject to a court martial . . . ."  Heassler purportedly asks that this court exercise supplemental/ancillary jurisdiction as a basis for this Court to hear his state-law based claims put forth in his Counterclaim.

However, because Heassler's claims in his Counterclaim are not related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States, Constitution, Heassler's Counterclaim should be dismissed.  28 USC § 1367.   Specifically, none of the facts that relate to and prove the copyright infringement of Heassler are necessary to Heassler's claims of intentional infliction of emotional distress, unfair business

practices, unjust enrichment or punitive damages. Heassler neither asserts, nor can he, that the alleged actions the he complains of in his Counterclaim constitute a defense to Heassler's copyright infringement or in any way constitute the same case or controversy as the original Complaint of copyright infringement. In fact, for Heassler to prove his claims presented in his Counterclaim, the issue of whether Heassler is liable for copyright infringement is completely irrelevant.

Further, the claims in Heassler's Counterclaim substantially predominate over the claims which this Court has original jurisdiction, contrary to 28 USC § 1367 (c)(3). Specifically, Watson will show that Heassler committed copyright infringement when Heassler used five of Watson's photographs without permission for Heassler's commercial website. None of the issues in the underlying copyright infringement claim involve the claims in Heassler's Counterclaim. Yet when Heassler attempts to show that Watson, Wright, and/or Buckley Brown are liable to Heassler for his claims put forth in his Counterclaim, Heassler must attempt to bring in two additional parties and prove elements of each cause of action – none of which will have been proven in the copyright infringement action. Thus, because the claims in Heassler's Counterclaim substantially predominate over the claims of copyright infringement, Heassler's Counterclaim must be dismissed.

2. Heassler Has Failed to Plead the Necessary Elements of Diversity Jurisdiction

While Heassler asserts that this Court has subject matter jurisdiction of his Counterclaim based on diversity, he has failed to plead that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 USC § 1332 (a). Where it is not facially evident from the complaint that more than $75,000 is in controversy, the party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold. *Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam). In this case, Heassler's asserts only that "this case involves diversity of citizenship and the requisite jurisdictional amount." See Heassler's

Counterclaim for Damages, pg 9, line 12-13.  Such conclusory allegation as to the amount in controversy is insufficient.  *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1116, 1117 (9th Cir. 2004) (quoting *Matheson,* 319 F.3d at 1090-91).  Accordingly, because this Court lacks subject matter jurisdiction, Heassler's Counterclaim should be dismissed against Wright and Buckley Brown.

**B.    Heassler's Counterclaim Should Be Dismissed for Failure to Certify Service of the Counterclaim.**

Northern District of California Civil Local Rule 5-6 for the Certificate of Service states as follows:

> **(a) Form.** Whenever any pleading or other paper presented for filing is required (or permitted by any rule or other provision of law) to be served upon any party or person, it must bear or have attached to it:
>
> > **(1)** An acknowledgment of service by the person served; or
> >
> > **(2)** Certificate of service stating the date, place and manner of service and the names street address or electronic address of the persons served, certified by the person who made service, pursuant to 28 U.S.C. §1746.
>
> **(b) Sanction for Failure to Provide Certificate.** Failure to provide an acknowledgment or certificate of service shall not be a ground for the Clerk refusing to file a paper or pleading.  However, any such document may be disregarded by the Judge if an adverse party timely objects on the ground of lack of service.

In this case, Heassler failed to provide an acknowledgment or certificate of service for his Answer to Complaint and Counterclaim for Damages.  Such failure to follow procedure is astounding especially after Heassler was in default for failure to file his Answer timely.  Heassler was allowed to file his Answer only after Watson stipulated to Heassler's Motion to Set Aside the Default and the Court granted Heassler's Motion.  See Heassler's Stipulation Regarding Motion to Set Aside Default and Order Granting

Stipulation to Set Aside Default. Heassler now has failed to certify service for that Answer as well as his Counterclaim for Damages. Heassler's Answer to Complaint and Counterclaim for Damages should be disregarded by the Court and his Counterclaim dismissed with prejudice.

## **CONCLUSION**

Based on the foregoing facts and citations of authority, Watson respectfully requests that Heassler's Counterclaim be dismissed with prejudice.

Respectfully submitted, this 14th day of July, 2008,

      __/s/ Carolyn E. Wright_____
      Carolyn E. Wright (Pro Hac Vice)
      Email: cwright@buckleybrown.com
      Buckley Brown, P.C.
      2970 Clairmont Road NE, Suite 1010
      Atlanta, GA 30329
      (404) 633-9230 (telephone)
      (404) 633-9640 (facsimile)

      Gavin Kogan (CA Bar No. 201564)
      Email: gkogan@mac.com
      Kogan & Associates, LLC
      147 S. River Street, Ste 234-A
      Santa Cruz, CA 95060
      (408) 361-8214 (telephone)
      (408) 907-4143 (facsimile)

      Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I certify that on July 14, 2008, I electronically filed

PLAINTIFF'S NOTICE OF MOTION, MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM FOR DAMAGES

with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notifications to all counsel of record:

>David P. Morales, Esq.
>The Morales Law Firm
>1414 Soquel Avenue, Suite 212
>Santa Cruz, California  95062

Respectfully submitted, this 14th day of July, 2008,

>__/s/ Carolyn E. Wright_____
>Carolyn E. Wright
>Email: cwright@buckleybrown.com
>Buckley Brown, P.C.
>2970 Clairmont Road NE, Suite 1010
>Atlanta, GA 30329
>Attorneys for Plaintiff.

Gavin Kogan (CA Bar No. 201564)
Email: gkogan@mac.com
Kogan & Associates, LLC
147 S. River Street, Ste 234-A
Santa Cruz, CA 95060
(408) 361-8214 (telephone)
(408) 907-4143 (facsimile)

Carolyn E. Wright (Pro Hac Vice)
Email: cwright@buckleybrown.com
Buckley Brown, P.C.
2970 Clairmont Road NE, Suite 1010
Atlanta, GA 30329
(404) 633-9230 (telephone)
(404) 633-9640 (facsimile)

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| JASON O. WATSON )<br>　　　　Plaintiff, )<br>　　　　　　　　　　　　　　　　　)<br>vs.　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　)<br>ROLLIN R. HEASSLER )<br>　　　　Defendant. )<br>　　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　) | **[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM FOR DAMAGES**<br><br>CASE NO. CV 08-01851 JCS<br>Hearing Date: Friday, August 29, 2008<br>Time: 9:30 am<br>Courtroom: A, 15th Floor<br>Hon. Magistrate Judge Joseph C. Spero |

**[PROPOSED] ORDER**

The Court, having read and considered all of the papers submitted with respect to Plaintiff's Motion To Dismiss Defendant's Counterclaim for Damages, and having heard the arguments of counsel, if any, and good cause appearing therefore, IT IS HEREBY ORDERED pursuant that the Defendant's Counterclaim for Damages be dismissed with prejudice.

///

1  IT IS SO ORDERED.

2  Dated:  August ___, 2008

3                                                      Honorable Joseph C. Spero
                                                    Magistrate Judge of The U.S. District Court