Carolyn E. Wright (pro se)
Email: cwright@buckleybrown.com
Buckley Brown, P.C.
2970 Clairmont Road NE, Suite 1010
Atlanta, GA 30329
(404) 633-9230 (telephone)
(404) 633-9640 (facsimile)

Attorneys for Carolyn E. Wright and Buckley Brown, P.C.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| JASON O. WATSON<br>　　　　Plaintiff,<br><br>vs.<br><br>ROLLIN R. HEASSLER<br>　　　　Defendant. | SPECIALLY APPEARING CAROLYN E. WRIGHT AND BUCKLEY BROWN, P.C.'S NOTICE OF MOTION, MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM FOR DAMAGES<br><br>CASE NO. CV 08-01851 JCS<br>Hearing Date: Friday, August 29, 2008<br>Time: 9:30 am<br>Courtroom: A, 15th Floor<br>Hon. Magistrate Judge Joseph C. Spero |

### NOTICE & MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that on Friday, August 29, 2008 at 9:30 a.m. in Courtroom A, 15th Floor, specially appearing Carolyn E. Wright ["Wright"] and Buckley Brown, P.C. ["Buckley Brown"] will and do hereby move the Court to dismiss Defendant Rollin R. Heassler's ["Heassler"] Counterclaim for Damages ["Counterclaim"] with prejudice on the basis that this Court lacks subject matter jurisdiction over this case, Heassler has failed to properly add Wright and Buckley Brown as parties, this Court lacks personal jurisdiction over Wright and Buckley Brown, venue is improper, and for insufficient process and insufficient service of process.

This motion is based on this Notice of Motion, Motion, and Memorandum of Points and Authorities, and upon such other evidence and law as may be presented to the Court at the time of the hearing. Wright and Buckley Brown respectfully request that this Court dismiss Heassler's Counterclaim with prejudice and that they be dismissed from this action.

## MEMORANDUM OF POINTS & AUTHORITIES

**A. This Court Lacks Subject Matter Jurisdiction Over Heassler's Counterclaim.**

Plaintiff Jason O. Watson ["Watson"] filed this suit for copyright infringement of five photographs, pursuant to the Federal Copyright Act of 1976, as amended, 17 U.S.C. § 101, *et seq.* Jurisdiction for Plaintiff's copyright infringement claims is founded on 28 U.S.C. §§ 1331 and 1338(a). Accordingly, Watson's Complaint is before this Court based on federal question jurisdiction. 28 USC § 1331.

    1.    <u>Heassler's Counterclaim Improperly Asserts Supplemental Jurisdiction</u>

Defendant Heassler filed his Counterclaim for Damages against Plaintiff Watson and purports to add Wright and Buckley Brown as parties for Heassler's claims, which Heassler admits are based on state law. <u>See</u> Heassler's Counterclaim for Damages, pg 9, line 10. Specifically, Heassler alleges that Wright "contacted Capt. Heassler about his alleged infringement of Plaintiff's copyright . . . and demanded immediate payment of $10,000 from Capt. Heassler and indicated that if Capt. Heassler attempted failed to pay the demanded sum he would be subject to a court martial . . . ." Heassler purportedly asks that this court exercise supplemental/ancillary jurisdiction as a basis for this Court to hear his state-law based claims put forth in his Counterclaim.

However, because Heassler's claims in his Counterclaim are not related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States, Constitution, Heassler's Counterclaim should be dismissed. 28 USC § 1367. Specifically, none of the facts that relate to and prove the copyright infringement of Heassler are necessary to Heassler's claims of intentional infliction of emotional distress, unfair business

practices, unjust enrichment or punitive damages. Heassler neither asserts, nor can he, that the alleged actions of Wright or Buckley Brown constitute a defense to Heassler's copyright infringement, that Wright or Buckley Brown are liable for Heassler's copyright infringement as a third party, or that the alleged actions of Wright or Buckley Brown in any way constitute the same case or controversy as the original Complaint of copyright infringement. In fact, for Heassler to prove his claims, the issue of whether Heassler is liable for copyright infringement is completely irrelevant.

Further, the claims in Heassler's Counterclaim substantially predominate over the claims which this Court has original jurisdiction, contrary to 28 USC § 1367 (c)(3). Specifically, Watson will show that Heassler committed copyright infringement when Heassler used five of Watson's photographs without permission for Heassler's commercial website. None of the issues in the underlying copyright infringement claim involve actions of Wright or Buckley Brown. Yet when Heassler attempts to show that Watson, Wright, and/or Buckley Brown are liable to Heassler for his claims put forth in his Counterclaim, Heassler must bring in two additional parties and prove elements of each cause of action – none of which will have been proven in the copyright infringement action. Thus, because the claims in Heassler's Counterclaim substantially predominate over the claims of copyright infringement, Heassler's Counterclaim must be dismissed.

2. <u>Heassler Has Failed to Plead the Necessary Elements of Diversity Jurisdiction</u>

While Heassler asserts that this Court has subject matter jurisdiction of his Counterclaim based on diversity, he has failed to plead that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 USC § 1332 (a). Where it is not facially evident from the complaint that more than $75,000 is in controversy, the party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold. *Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam). In this case, Heassler's asserts only that "this case

involves diversity of citizenship and the requisite jurisdictional amount." See Heassler's Counterclaim for Damages, pg 9, line 12-13. Such conclusory allegation as to the amount in controversy is insufficient. *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1116, 1117 (9th Cir. 2004) (quoting *Matheson,* 319 F.3d at 1090-91). Accordingly, because this Court lacks subject matter jurisdiction, Heassler's Counterclaim should be dismissed against Wright and Buckley Brown.

**B. Heassler Has Failed to Add Wright and Buckley Brown as Parties.**

Fed. R. Civ. P. 14 (a) provides that "a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third party plaintiff. The third-party plaintiff need not obtain leave to make the service if the third-party plaintiff files the third-party complaint not later than 10 days after serving the original answer" (emphasis added). However, as shown above, Heassler does not claim that Wright or Buckley Brown are liable to Heassler for all or part of Watson's claim against Heassler for copyright infringement.

Instead, Heassler makes new and independent claims against Wright and Buckley Brown that in no way constitute the same case or controversy as the original Complaint of copyright infringement. Thus, Heassler's claims against Wright and Buckley Brown are not third-party claims and Heassler may not serve his Counterclaim without leave of court. Because Heassler has not sought leave of Court to add Wright and Buckley Brown as parties, Heassler's Counterclaim against them should be dismissed.

**C. This Court Lacks Personal Jurisdiction Over Wright and Buckley Brown and Venue is Improper.**

Because this Court does not have subject matter jurisdiction and Heassler has failed to properly add Wright and as parties, this Court does not have personal jurisdiction over Wright and Buckley Brown and venue is improper. Heassler's Counterclaim should be dismissed against Wright and Buckley Brown.

**D. Heassler's Counterclaim Should Be Dismissed for Insufficient Process and Insufficient Service of Process.**

    1. <u>Heassler Failed to Certify Service of the Counterclaim</u>

Northern District of California Civil Local Rule 5-6 for the Certificate of Service states as follows:

> **(a) Form.** Whenever any pleading or other paper presented for filing is required (or permitted by any rule or other provision of law) to be served upon any party or person, it must bear or have attached to it:
>
> > **(1)** An acknowledgment of service by the person served; or
> >
> > **(2)** Certificate of service stating the date, place and manner of service and the names street address or electronic address of the persons served, certified by the person who made service, pursuant to 28 U.S.C. §1746.
>
> **(b) Sanction for Failure to Provide Certificate.** Failure to provide an acknowledgment or certificate of service shall not be a ground for the Clerk refusing to file a paper or pleading. However, any such document may be disregarded by the Judge if an adverse party timely objects on the ground of lack of service.

In this case, Heassler failed to provide an acknowledgment or certificate of service for his Answer to Complaint and Counterclaim for Damages. Such failure to follow procedure is astounding especially after Heassler was in default for failure to file his Answer. Heassler was allowed to file his Answer only after Watson stipulated to Heassler's Motion to Set Aside the Default and the Court granted Heassler's Motion. <u>See</u> Heassler's Stipulation Regarding Motion to Set Aside Default and Order Granting Stipulation to Set Aside Default. Heassler now has failed to certify service for that Answer as well as his Counterclaim for Damages. Heassler's Answer to Complaint and Counterclaim for Damages should be disregarded by the Court and his Counterclaim dismissed.

### 2. Heassler's Counterclaim Should Be Dismissed for Insufficiency of Process and Insufficiency of Service of Process.

Heassler has served neither Wright nor Buckley Brown with Heassler's Counterclaim for Damages and has failed to serve Wright or Buckley Brown with a complaint, summons or request for waiver of service, and the required supplementary material. See Affidavit of Wright, attached as Exhibit 1 ["Wright Affidavit"]. Thus, Heassler's Counterclaim should be dismissed.

Federal Rule of Civil Procedure 4 (c) requires that a summons must be served with a copy of the complaint on parties. Fed. R. Civ. P. 4(c). Further, the complaining party is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service. None of these events have occurred. See Wright Affidavit. Moreover, pursuant to Civil Local Rule 4-2, a party subject to Civil L.R. 16-2(a), (b), or (c), must serve a copy of the Order Setting Initial Case Management Conference and ADR deadlines issued pursuant to Civil L.R. 16-2(a), (b) or (c). Again, Heassler has failed to serve the documents as required. See Wright Affidavit. Accordingly, Heassler's Counterclaim must be dismissed.

### CONCLUSION

Based on the foregoing facts and citations of authority, Wright and Buckley Brown respectfully request that Heassler's Counterclaim be dismissed with prejudice and that they be dismissed from this action.

This 14th day of July, 2008.

Respectfully submitted,

/s/ Carolyn E. Wright
Carolyn E. Wright
Buckley Brown, P.C.
2970 Clairmont Road NE, Suite 1010
Atlanta, GA 30329
Attorneys for Carolyn E. Wright and
Buckley Brown, P.C.

## Exhibit 1

## AFFIDAVIT OF CAROLYN E. WRIGHT

I, Carolyn E. Wright, declare under penalty of perjury that the following facts are true to the best of my information and belief:

1. Heassler has not served Buckley Brown, P.C., nor me with his Counterclaim for Damages, the Complaint, a summons or request for waiver of service, or the Order Setting Initial Case Management Conference and ADR deadlines in the matter of Watson v. Heassler, CASE NO. CV 08-01851 JCS.

This 14th day of July, 2008.

_____
Carolyn E. Wright

SWORN AND SUBSCRIBED TO
Before Me, this 14th day of
July, 2008.

_____
Notary Public



PAT GANNON
Notary Public - State of Nevada
Appointment Recorded in Douglas County
No: 02-76319-5 - Expires June 26, 2010

# CERTIFICATE OF SERVICE

I certify that on July 14, 2008, I electronically filed

SPECIALLY APPEARING CAROLYN E. WRIGHT AND BUCKLEY BROWN P.C.'S
NOTICE OF MOTION, MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS
DEFENDANT'S COUNTERCLAIM FOR DAMAGES

with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notifications to all counsel of record:

David P. Morales, Esq.
The Morales Law Firm
1414 Soquel Avenue, Suite 212
Santa Cruz, California 95062

This 14th day of July, 2008.

Respectfully submitted,

   /s/ Carolyn E. Wright
Carolyn E. Wright
Email: cwright@buckleybrown.com
Buckley Brown, P.C.
2970 Clairmont Road NE, Suite 1010
Atlanta, GA 30329

Carolyn E. Wright (pro se)
Email: cwright@buckleybrown.com
Buckley Brown, P.C.
2970 Clairmont Road NE, Suite 1010
Atlanta, GA 30329
(404) 633-9230 (telephone)
(404) 633-9640 (facsimile)

Attorneys for Carolyn E. Wright and Buckley Brown, P.C.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| JASON O. WATSON | ) | **[PROPOSED] ORDER GRANTING** |
| Plaintiff, | ) | **CAROLYN E. WRIGHT AND** |
| | ) | **BUCKLEY BROWN P.C.'S** |
| vs. | ) | **MOTION TO DISMISS** |
| | ) | **DEFENDANT'S COUNTERCLAIM** |
| ROLLIN R. HEASSLER | ) | **FOR DAMAGES** |
| Defendant. | ) | |
| | ) | CASE NO. CV 08-01851 JCS |
| | ) | Hearing Date: Friday, August 29, 2008 |
| | ) | Time: 9:30 am |
| | ) | Courtroom: A, 15th Floor |
| | ) | Hon. Magistrate Judge Joseph C. Spero |

### [PROPOSED] ORDER

The Court, having read and considered all of the papers submitted with respect to Carolyn E. Wright and Buckley Brown, P.C.'s Motion To Dismiss Defendant's Counterclaim for Damages, and having heard the arguments of counsel, if any, and good cause appearing therefore, IT IS HEREBY ORDERED pursuant that the Defendant's Counterclaim for Damages be dismissed with prejudice and that they be dismissed from this action.
IT IS SO ORDERED.

Dated: August ___, 2008                                    _____
                                                          Honorable Joseph C. Spero
                                                          Magistrate Judge of The U.S. District Court