Gavin Kogan (CA Bar No. 201564)
Email: gkogan@mac.com
Kogan & Associates, LLC
147 S. River Street, Ste 234-A
Santa Cruz, CA 95060
(408) 361-8214 (telephone)
(408) 907-4143 (facsimile)

Carolyn E. Wright (Pro Hac Vice)
Email: cwright@buckleybrown.com
Buckley Brown, P.C.
2970 Clairmont Road NE, Suite 1010
Atlanta, GA 30329
(404) 633-9230 (telephone)
(404) 633-9640 (facsimile)

Attorneys for Plaintiff

David P. Morales, Esq., SBN 191229
THE MORALES LAW FIRM
1414 Soquel Avenue, Suite 212
Santa Cruz, CA 95062
Telephone: (831) 429-7900
Facsimile: (831) 688-8883
E-Mail: dmorales@moraleslawfirm.com

Attorney for Defendant and Counterclaimant
Captain Rollin R. Heassler.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| JASON O. WATSON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CAPT. ROLLIN R. HEASSLER, an individual,<br><br>Defendant. | Civil Action No.: CV 08-01851 JCS<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>**Date:** July 25, 2008<br>**Courtroom:** A, 15th Floor<br>**Judge:** Hon. Mag. Judge Joseph C. Spero |

The parties in this matter hereby submit this Joint Case Management Conference Statement.

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

1. **Jurisdiction and Service**

The parties agree that this Court has jurisdiction over the federal questions in this matter pursuant to 28 U.S.C. §1331 (West 2008) and that venue is proper. Defendant and Counterclaimant contends that this Court also has jurisdiction of this matter under 28 U.S.C. §§1332, 1338 and 1367 (West 2008). Plaintiff disputes whether diversity jurisdiction exists with regard to Counterclaimant's state-law counterclaims.

Counterclaimant has not served Counterdefendant attorney and Counterdefendant law firm. Counterclaimant is awaiting a response from said Counterdefendants regarding whether they are willing to waive personal service and accept service by mail. In addition, the parties have agreed to pursue alternative dispute resolution in the form of an early mediation in order to minimize any unnecessary litigation costs. The parties propose that such service take place no later than ten (10) days after mediation.

2. **Facts**

Plaintiff JASON O. WATSON alleges that he is a professional photographer who licensed a number of photographs of basketball players to ESPN.com for publication. Plaintiff further contends that such photographs included attribution to him. Plaintiff further contends that Defendant posted five such photographs without authorization on Defendant's website, www.collegehoopsupdate.com, which receives advertising income. Plaintiff denies the counterclaims of Defendant.

Defendant and Counterclaimant CAPT. ROLLIN R. HEASSLER denies that he infringed any relevant copyright interest of Plaintiff. Counterclaimant further alleges that he is a combat veteran who is presently the Recruiting Company Commander for the San Francisco Bay Area. Counterclaimant further alleges that Counterdefendants were aware of Defendant's military status when they threatened to subject Captain Heassler to a court martial if he failed to pay Plaintiff's $10,000 demand. Counterdefendants' conduct gave rise to Counterclaimant's state-law counterclaims for intentional infliction of emotional distress, unfair business practices, unjust enrichment, and conspiracy.

**3. Legal Issues**

The principal legal issues in dispute are:

a. Whether Plaintiff owned a copyright interest in the subject photographs at the time of the alleged infringement;

b. Whether Defendant's alleged posting constituted copyright infringement, and, if so, whether such infringement was willful;

c. Whether Defendant removed or altered Plaintiff's copyright management information of the subject photographs and distributed copyright management information that was false, knowing, or having reasonable grounds to know, that it would induce, enable, facilitate, or conceal an infringement; and

d. Whether Counterdefendants' alleged threat and related conduct constituted intentional infliction of emotional distress, unfair business practices, unjust enrichment, and conspiracy.

**4. Motions**

The parties anticipate the following motions:

a. Counterdefendants' Motions to Dismiss for lack of subject matter jurisdiction;

b. Plaintiff's Motion for Summary Judgment and/or Summary Adjudication; and

c. Defendant's Motion for Summary Judgment and/or Summary Adjudication.

**5. Amendment of Pleadings**

Should early mediation be unsuccessful, Plaintiff and Counterclaimant anticipate making amendments to the pleadings and as may be necessary following discovery.

**6. Evidence Preservation**

Each party has been notified by their counsel of the obligation to preserve all relevant evidence, including electronically-stored evidence, and have taken steps to do so.

**7. Disclosures**

Plaintiff has served his Initial Disclosures as of July 18, 2008. Plaintiff consents to Defendant's proposal that he serve his Initial Disclosures no later than August 8, 2008.

**8. Discovery**

Plaintiff proposes no changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure.

Defendant proposes the following limitations on discovery:

a. ten (10) depositions per party;

b. ten (10) non-party deposition subpoenas;

c. unlimited document requests per party;

d. 100 interrogatories per party;

e. unlimited requests for admission per party.

**9. Class Actions**

This action is not a class action.

**10. Related Cases**

There are no related cases or proceedings pending before another Judge of this Court or before another Court or administrative body.

**11. Relief**

Plaintiff seeks from Defendant: an award of profits and damages pursuant to 17 U.S.C. § 504 (b); maximum statutory damages in the amount of $30,000 for each infringement pursuant to 17 U.S.C. § 504 (c)(1); maximum statutory damages in the amount of $150,000 for each infringement pursuant to 17 U.S.C. § 504 (c)(2); maximum statutory damages in the amount of $25,000 for each infringement pursuant to 17 U.S.C. § 1203(c)(3)(B); and an award of Plaintiff's costs, reasonable attorneys' fees, and disbursements in this action, pursuant to 17 U.S.C. § 505 and 17 U.S.C. § 1203.

Defendant seeks that Plaintiff, Wright and Buckley Brown: be enjoined during the pendency of this action and permanently from threatening to expose or impute disgrace or crime to Defendant;  pay jointly and severally all actual, consequential, incidental, statutory, punitive, exemplary, pre-judgment interest and other damages caused by or awardable due to their

wrongful acts; and be required to pay Defendant's reasonable attorney's fees and costs of this action, and such other relief as may be requested in his pleadings.

**12. Settlement and ADR**

The parties have complied with ADR L.R. 3-5 and have requested an early date for mediation. This Court entered an order on July 15, 2008, that the mediation be held within 45 days of the order. The ADR Section has asked the order be amended to add 30 days to the mediation deadline. The parties consent to the proposed modification of the order.

**13. Consent to Magistrate Judge for All Purposes**

The plaintiff and defendant have consented to assignment of this case to a magistrate for further proceedings.

**14. Other References**

The parties do not believe this case is suitable for any other reference.

**15. Narrowing of Issues**

At this time, the parties have no issues other than those below that can be narrowed by agreement or by motion or suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts). As discovery progresses, opportunities to narrow the issues may become apparent.

The Plaintiff requests that the issues, claims and defenses of the Counterclaim be bifurcated if Defendant is allowed to proceed with his Counterclaim. Counterclaimant opposes this request for the sake of judicial and party efficiency, among other reasons.

In order to avoid later disruption of the litigation schedule, Counterclaimant requests that a determination be made concerning whether an actual or potential conflict of interest may exist between Counterdefendant JASON O. WATSON and his attorneys-of-record, Counterdefendants CAROLYN WRIGHT, ESQ., and BUCKLEY BROWN, P.C., for the extortionary act(s) alleged in the Counterclaim prior to the litigation schedule being set.

**16. Expedited Schedule**

The parties do not believe that this is the type of case that can be handled on an expedited basis.

**17. Scheduling**

The parties request that this matter be scheduled for further case management in approximately two months, following the parties' agreed early mediation, and that the Court not set the litigation schedule at this time.

**18. Trial**

Parties have requested a jury trial. The expected length of trial is five (5) court days.

**19. Disclosure Of Non-Party Interested Entities Or Persons**

At this time, the parties have no one to disclose other than the parties themselves.

RESPECTFULLY SUBMITTED.

Dated: July 18, 2008                             THE MORALES LAW FIRM


By:    /s/ David Morales
DAVID MORALES, ESQ.
Attorney for Defendant and
Counterclaimant


Dated: July 18, 2008                             By:   /s/ Carolyn E. Wright
CAROLYN E. WRIGHT, ESQ.
BUCKLEY BROWN, P.C
2970 Clairmont Road, NE, Ste. 1010
Atlanta, GA  30329

GAVIN KOGAN, ESQ.
Kogan & Associates, LLC
147 River Street, Ste. 234-A
Santa Cruz, CA  95060

Attorneys for Plaintiff

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**
Case No.: CV 08-01851 JCS                    - 6 -

# CERTIFICATE OF SERVICE

I certify that I electronically filed **JOINT CASE MANAGEMENT CONFERENCE STATEMENT** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notifications to all counsel of record:

David P. Morales, Esq.
The Morales Law Firm
1414 Soquel Avenue, Suite 212
Santa Cruz, California  95062

This 18th day of July, 2008.

Respectfully submitted,

 /s/ Carolyn E. Wright_____
Carolyn E. Wright (Pro Hac Vice)
Email: cwright@buckleybrown.com
Buckley Brown, P.C.
2970 Clairmont Road NE, Suite 1010
Atlanta, GA 30329
Attorneys for Plaintiff